UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BEN GYADU, | : | |
| Plaintiff, | : | |
| V. | : | CASE NO. 3:04-CV-2028 (RNC) |
| SHEFTEL, et al., | : | |
| Defendants. | : | |

RULING AND ORDER

The pro se plaintiff in this action lost a foreclosure proceeding in state court and was ejected from his home. He brings this action for money damages against the attorney who obtained the ejectment order and the two state marshals who carried out the ejectment. The defendants have filed a motion for summary judgment on all the claims in the complaint. Plaintiff has not responded to the motion, despite being notified of his obligation to do so. For the reasons that follow, the motion is granted.

Summary judgment may be granted when there is no "genuine issue as to any material fact" and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To withstand a properly supported motion for summary judgment, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). When the opposing party fails to submit a response to the motion, the movant's factual assertions may be accepted as true. See D. Conn. L. Civ. R. 56(a)1 ("All material

facts set forth in [the movant's 56(a)1] statement will be deemed admitted unless controverted ..."). Even when a motion for summary judgment is unopposed, however, a court still must determine whether the movant is entitled to judgment as a matter of law. See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004).

As a result of plaintiff's failure to respond to defendants' motion, the following facts set forth in defendants' Local Rule 56(a)(1) Statement are deemed admitted. In 1994, the Bella Vista Condominium Association brought a foreclosure action against plaintiff in state court for nonpayment of charges. see Bella Vista Condo v. Gyadu, Case No. CV-94-0120500-S (Conn. Sup. Ct. J.D. Waterbury). Defendant Eugene Melchionne, a member of the Connecticut Bar, represented Bella Vista during the latter years of the foreclosure action, which culminated in the issuance of an ejectment order against plaintiff on November 2, 2001. On November 20, 2001, defendant Sanford Sheftel, a state marshal, served a copy of the order calling on plaintiff to vacate the premises by no later than 8:00 a.m. on November 30, 2001. Plaintiff did not vacate the premises. Accordingly, on November 30, at about 8:00 a.m., Sheftel went to the premises to execute the order. He was accompanied by two Waterbury police officers, a locksmith, employees of a moving company, Attorney Melchionne, and Attorney Melchionne's staff. The plaintiff was informed that Sheftel and

the others were there to remove the plaintiff and his possessions from the premises. After the locksmith opened the garage and front door, the plaintiff agreed to allow the movers to pack and load his possessions into a moving van, which they then began to do. At about 1:30 p.m., Sheftel left the premises after being relieved by another state marshal, defendant Robert Mulcahey. The movers finished packing and removing plaintiff's belongings at about 4:00 p.m. The unit was then locked, plaintiff was given a final inventory sheet, and his property was placed in storage under the authority of the City of Waterbury. Throughout the ejectment process, the plaintiff insisted that there were stays in place or rights of appeal to be exercised that prevented his ejectment. However, his motions for a stay had been denied and he was no longer the lawful owner of the unit.

In his complaint in this action, plaintiff alleges that the defendants deprived him of his condominium unit and personal possessions in violation of his rights to due process and equal protection under the Fourteenth Amendment, invaded his privacy in violation of the Fourth Amendment, and subjected him to double jeopardy in violation of the Fifth Amendment. Underlying all these claims is plaintiff's assertion that the state court had no jurisdiction to issue the ejectment order because he undertook to remove the foreclosure action to federal court before the order was issued. Defendants contend that plaintiff's claims lack merit. In

3

addition, they contend that the claims are barred by the Rooker-Feldman doctrine,[1] which deprives a federal court of subject matter jurisdiction if the suit complains of injury caused by a state-court judgment. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291 (2005).

To the extent plaintiff's claims are based on the alleged invalidity of the ejectment order, they are barred by Rooker-Feldman. As the Court of Appeals recently explained, "a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state court judgment and not simply ratified, acquiesced in, or left unpunished by it." Hoblock v. Albany County Board of Elections, 422 F.3d 77, 88 (2d Cir. 2005).[2] To the extent plaintiff's claims are based on the manner in which the order was executed, the Rooker-Feldman doctrine does not apply. Cf. Exxon Mobil, 544 U.S. at 293 (Rooker-Feldman does not operate as a bar to independent claims despite an ancillary connection to issues finally decided in state court). However, any

---

[1] See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983).

[2] In fact, in the underlying foreclosure action, plaintiff argued that the state court lacked jurisdiction to proceed once he undertook to remove the action to federal court (the very argument he makes here). His argument was rejected on the merits in a memorandum decision filed on November 1, 2001, the day before the ejectment order was issued. See Def.'s Mem. Supp. Mtn. Summ. J., Ex. 5.

4

such claims fail as a matter of law because, given the undisputed facts set forth in defendants' Local Rule 56(a)(1) Statement, a jury would be bound to conclude that the manner in which the ejectment was carried out did not violate plaintiff's federal rights.

Accordingly, the motion for summary judgment [Doc. #83] is hereby granted.  Judgment will enter in favor of the defendants dismissing the complaint in its entirety with prejudice.  The Clerk may close the file.

So ordered.

Dated at Hartford, Connecticut this 23rd day of July 2007.

_____/s/_____
Robert N. Chatigny
United States District Judge